UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T. Lemkau & Assoc., Ltd., a/k/a Lemkau &
Associates, Ltd.,                                    Case No. 11-10039

            Plaintiff,                               Honorable Nancy G. Edmunds

v.

Sowa Tool & Machine Co., Ltd.,

            Defendant.
_____/

**ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS [8] AND
ORDERING PLAINTIFF TO AMEND THE COMPLAINT TO NAME THE PROPER
ENTITY/ENTITIES, REGISTER THE PROPER CORPORATE NAME AS AN
ASSUMED NAME OR "d/b/a," OR OTHERWISE CORRECT ITS MISTAKE IN SUING
UNDER AN UNREGISTERED ASSUMED NAME**

Before the Court is Defendant Sowa Tool & Machine Co., Ltd.'s motion to dismiss

Plaintiff T. Lemkau & Assoc., Ltd., a/k/a Lemkau & Associates, Ltd.'s contract-based

complaint.[1]  The issue before the Court is whether a registered corporation operating under

and entering into contracts with an unregistered assumed name has the right to enforce

such contracts.  Because the Court finds that Michigan law would allow a registered

corporation entering into a contract with an unregistered assumed name to enforce that

contract when no real confusion exists as to the corporation and its assumed name, and,

here, because Plaintiff has represented that only one entity contracted with Defendant, the

Court DENIES Defendant's motion to dismiss.

**I.      Facts**

_____

[1]The Court will refer to the suing entity as "Plaintiff" and will refer to Plaintiff's  registered
corporate name and its unregistered assumed name as necessary.

**A.  Background facts**

Plaintiff states that it is a Michigan corporation with its principal address at 3033 Stillriver, Howell, Michigan.  (Compl. ¶ 1.)  Defendant is a Canadian corporation with its principal address at 500 Manitou Drive, Kitchener, Ontario, Canada.  (Compl. ¶ 2.)

In August, 2007, Plaintiff entered into a sales agreement with Defendant.  (Compl. ¶ 5.)  The contract required Plaintiff to sell Defendant's products in Ohio, Indiana, Kentucky, West Virginia, and "West Pennsylvania."  (Compl. ¶ 6; Ex. A.)  By the terms of the contract, Plaintiff states that Defendant was to pay it commissions of "10% of 'net invoice price' for imported products and 5% for U.S made/supplied products."  (Compl. ¶ 7; Ex. A.)

In January, 2010, Defendant terminated the then-existing contract.  (Compl. ¶ 8.) Despite terminating the contract, Plaintiff alleges that it and Defendant continued to operate under the contract's terms, save for the sales territory–Plaintiff was to sell in Michigan rather than the five previous territories.  (*Id.*)  The parties did not execute a new written contract. (Compl. ¶ 9.) But Plaintiff alleges that the parties performed as if the contract still existed for almost a year.  (*Id.*)  In December, 2010, Plaintiff states that Defendant sent it a termination letter, in which Defendant acknowledged that Plaintiff and Defendant had been operating under the territory-updated contract.  (Compl. ¶ 9.)

On January 4, 2011, Plaintiff filed suit against Defendant for failure to pay the required commissions.  Plaintiff has alleged counts for breach of contract (express and/or implied), violation of Michigan Compiled Law § 600.2961, unjust enrichment, and accounting.

**B.  Facts relevant to this motion**

As stated above, the issue is whether Plaintiff can enforce a contract that it entered into with an unregistered assumed name.  The facts relevant to this motion therefore are

2

straightforward.  Here, Plaintiff has registered as a corporation in Michigan as "T. Lemkau & Assoc., Ltd."  But Plaintiff entered into the contract with Defendant as "Lemkau & Associates, Ltd.," and has a website and holds itself out as "Lemkau & Associates, Ltd." (Def.'s Reply, Ex. 4.)

## II.    Standards of review

### A.    Rule 12(b)(1) motion to dismiss standard

A motion to dismiss pursuant to Rule 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction.  *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).  When a defendant challenges subject matter jurisdiction on a factual basis, the plaintiff has the burden of proving jurisdiction in order to survive the motion.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).  Put differently, a motion to dismiss pursuant to Rule 12(b)(1) attacks a plaintiff's right to be in a particular court.  *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 619, n.3 (6th Cir. 2010) (citation omitted).  "In reviewing a 12(b)(1) motion, the Court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits."  *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (citation omitted).

### B.  Rule 12(b)(6) motion to dismiss standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, a court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th

3

Cir. 1996).   To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).   *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).   "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.   Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).   A court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 1950 (internal quotation marks and citation omitted).   Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*   "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.   But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id.* (internal quotation marks and citation omitted).   Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.   While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.   When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*   In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for

4

relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

**III.   Analysis**

Neither party addresses Michigan's requirement that a corporation must register an assumed name. But because the Court finds that Michigan's assumed name statute and how courts have interpreted that statute is dispositive, the Court will first address the statute before it addresses Defendant's standing and real party in interest arguments.

> **A. Although Michigan requires a corporation to register an assumed  name, Michigan courts look to the purpose of the statute when a corporation fails to register an assumed name**

By law, a Michigan corporation must register any assumed name under which it does business. Michigan Compiled Law 450.1217 provides, in part, that "[a] domestic or foreign corporation may transact business under any assumed name or names other than its corporate name, if not precluded from use . . . by filing a certificate stating the true name of the corporation and the assumed name under which the business is to be transacted." Despite this requirement, the statute does not address the consequences of noncompliance with the statute. *Attorney Gen. v. Muhammad Dev. Grp., Inc*, 281176, 2009 WL 794483, at *5 (Mich. Ct. App. Mar. 29, 2009) (stating that "[t]he statute is silent with respect to the consequences of transacting business under a name other than an entity's corporate name without filing a certificate identifying the assumed name.").

But the requirement is not so severe as to elevate form over substance and common sense. Courts have attempted to give effect to the statute's purpose. That purpose "is to place the public on notice regarding corporations that are doing business under an

assumed name." *Id.* (citing *Penton Publ'g, Inc. v. Markey*, 538 N.W.2d 105, 105 (Mich. Ct. App. 1995).

The *Muhammed* case illustrates how a Michigan court handles the failure to register an assumed name.  In *Muhammad*, Muhammad Development Group, Inc. was doing business under the assumed name "MDG."  *Id.*  There, Muhammad Development Group, Inc. had never registered "MDG" as an assumed name.  *Id.*  But the *Muhammad* court, taking the statute's purpose into account, held that a deed to MDG was not void due to the corporation's failure to register the assumed name.  *Id.*  The court held that there was no dispute that MDG and Muhammad Development Group, Inc. were "one in the same entity, even though the MDG moniker [was] not an assumed name under the statute."  *Id.*

Here, Plaintiff has satisfied the purpose of the statute, even though it has failed to register its assumed name.

Defendant rests its entire dismissal argument on the slight difference in two names. Defendant alleges that the parties to the contract were it and "Lemkau & Associates Ltd.," not it and "T. Lemkau & Assoc., Ltd.," the party that Defendant argues is the proper plaintiff in this case  (Def.'s Mot. to Dismiss at 3.)  Defendant states that, "[w]hile Plaintiff claims it is 'also known as' Lemkau & Associates Ltd.," Plaintiff has never registered that name as a "d/b/a" or assumed name of Plaintiff.  (Def.'s Mot. to Dismiss at 3; Ex. 1.)

Plaintiff states that it is a Michigan corporation, registered as "T. Lemkau & Assoc., Ltd."  (Pl.'s Resp. at 1.)  Plaintiff admits that there is no legal entity called "Lemkau & Associates, Ltd." (*Id.*) But Plaintiff argues that "T. Lemkau & Assoc., Ltd." and "Lemkau & Associates, Ltd." are the same.  (*Id.*)  Plaintiffs states that the difference in the names exists because Defendant incorrectly identified Plaintiff as "Lemkau & Associates, Ltd." in

6

the contract.  (*Id.*)  Plaintiff argues that this motion presents a simple case of a minor

discrepancy in name.  (*Id.*)

Plaintiff alleges that Defendant knew at all times that it was dealing only with Tom

Lemkau and Plaintiff–for Tom Lemkau signed the contract for Plaintiff and Defendant knew

at all times that it was dealing with Tom Lemkau and his business.  (*Id.* at 3.)  Plaintiff

argues therefore that it is the only appropriate party able to bring this contract-based

complaint against Defendant.  In support of this argument, Plaintiff states:

- Defendant assigned Tom Lemkau a sales number;

- Defendant issued checks to Lemkau & Associates and mailed the checks to Tom Lemkau;

- Tom Lemkau deposited all the checks into T. Lemkau & Associates' bank accounts;

- Other clients of T. Lemkau & Associates regularly made checks out to "Lemkau & Associates," which Tom Lemkau then deposited into the T. Lemkau & Associates bank account;

- When Defendant terminated the written contract in January, 2010, Defendant's counsel sent the termination letter to Tom Lemkau, at his home address;

- When Defendant accused T. Lemkau & Associates of breaching the contract, Defendant's counsel again sent a letter addressed to Lemkau & Associates, to Tom Lemkau's home address.

(Pl.'s Resp. at 3-4.)

The Court agrees with Plaintiff. Plaintiff has represented to the Court that "T. Lemkau

& Assoc., Ltd." and "Lemkau & Associates, Ltd." are the same entity.  Regardless of how

the unregistered assumed name ended up in the contract, the Court finds that the purpose

of the statute has been met–the slight difference in Plaintiff's registered corporation name

and its unregistered assumed name is not significant.  In light of *Muhammad*, the purpose

7

of Michigan's assumed name statute, and Plaintiff's representation, the Court finds that a dismissal is not warranted.[2]

### B. Standing and the real party in interest principle

Defendant frames its argument for dismissal in terms of standing and the real party in interest doctrine.  Defendant argues that Plaintiff lacks standing because it is not a party to the contract and that it is not the real party in interest; Defendant concludes therefore that Plaintiff has failed to state a claim, allowing for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and that there is no justiciable case or controversy, allowing for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Def.'s Mot. to Dismiss at 4.)  Defendant is incorrect, for the reasons stated above, as well as the following reasons.

In its motion, Defendant conflates standing and the real party in interest principle.  But there is a difference.  As the Sixth Circuit has stated, "[f]requently, attorneys and courts confuse the concepts of standing. . . with the real party in interest principle." *JSC Terminal, LLC v. Farris*, 10-00040, 2010 WL 2178512, at *2 (W.D. Ky. May 27, 2010) (quoting *Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir. 1992)). "The determination of whether a plaintiff has standing requires a court to evaluate whether and to what degree the party

---

[2] *See also Big O Tires, LLC v. Masri*, 09-14512, 2010 WL 3842410, at *2 (E.D. Mich. Sept. 27, 2010) (Hood, J.) (denying the defendants' motion to dismiss premised on the difference in names between "Big O Tires, LLC and Big O Tires, Inc."  The court held that the plaintiff represented to the court that the two names were actually one entity, and that representation was enough to survive the defendants' motion to dismiss.  The court noted that the "[d]efendants provide[d] no argument as to why Big O Tires, Inc. and Big O Tires, LLC should not be recognized as the same entity in federal court."  The court recognized that the plaintiff had changed its status from a corporation to a limited liability company. But the court found that the plaintiff's representations that the two entities were the same company and the fact that a judgment against the defendant would compensate the plaintiff for its alleged harm, the court found that the defendant's lack of standing argument meritless).

has suffered harm or threatened harm, whether that harm or threatened harm can be fairly traced to the defendant's alleged illegal conduct, and whether the plaintiff's alleged harm is likely to be redressed by the relief he requests." *Id.* (citing *City Commc'ns, Inc. v. City of Detroit*, 888 F.2d 1081, 1086 (6th Cir. 1989). Whereas "[t]he real party in interest principle is related to, but different than the concept of standing." *Farris*, at *2 (citing *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 532 (6th Cir. 2002). Federal Rule of Civil Procedure 17(a) states that "[a]n action must be prosecuted in the name of the real party in interest." "[T]he real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Id.* (citing *Certain Interested Underwriters v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994). "The real party in interest analysis turns upon whether the substantive law creating the right being sued upon affords the party bringing the suit a substantive right to relief." *Id.* (citing *Layne*, 26 F.3d at 43).

The difference matters because, "[i]f a party does not have standing[,] it must be dismissed from the action." *Farris*, at *3. But "[t]he Court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3).

### 1. Plaintiff has alleged facts to confer standing

Defendant does not address the traditional standing factors in its motion to dismiss. But the Court finds that Plaintiff complaint satisfies standing requirements. Plaintiff has alleged a harm caused by Defendant's alleged breach of the agreement– failure to pay the required commissions. Plaintiff has also requested relief that would compensate it for Defendant's supposed harm–breach of contract or, alternatively, unjust enrichment,

9

remedies.   Defendant therefore has failed to persuade the Court that Plaintiff lacks standing.

### 2.   Plaintiff has represented to the Court that it is the real party in interest

The purpose of the real party in interest rule is "to protect the defendant against a subsequent action by the party actually entitled to recover." *Anderson v. Old Nat'l Bancorp*, 675 F.Supp.2d 701, 708 (W.D. Ky. 2009) (quoting Fed. R. Civ. P. 17 advisory committee note).  Here, Defendant has not argued that a party other than Plaintiff would be entitled to recover from it.  Defendant's argument therefore fails.  And dismissal would not serve the purpose of the real party in interest doctrine.

## IV.   Conclusion

For the above-stated reasons, the Court DENIES Defendant's motion to dismiss. The Court further ORDERS Plaintiff to address its mistake in suing under an unregistered assumed name as discussed at the hearing held on March 23, 2011 by either amending the complaint to name the proper entity/entities and name/s in this suit, by officially registering its assumed name or as a "d/b/a," or some other means to correct the mistake within 21 days of this order.


                     s/Nancy G. Edmunds
                     Nancy G. Edmunds
                     United States District Judge

Dated:  April 4, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 4, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager