UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T. LEMKAU & ASSOC., LTD., a Michigan
corporation, d/b/a as LEMKAU &
ASSOCIATES, LTD.,

     Plaintiff/Counter-Defendant,

v.

SOWA TOOL & MACHINE CO., LTD,

     Defendant/Counter-PLaintiff,

v.

THOMAS D. LEMKAU, DENNIS N.
LEMKAU, and TROY R. LEMKAU,

    Third-Party Defendants/Third-Party
Counter-Plaintiffs.

                                     /

Case No. 11-cv-10039

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT'S MOTION FOR PARTIAL DISMISSAL AND SUMMARY JUDGMENT
OF THIRD-PARTY DEFENDANTS' FIRST AMENDED COUNTERCLAIM [61]**

This matter comes before the Court on Defendant Sowa Tool & Machine Co., Ltd.'s motion for partial dismissal and summary judgment of Third-Party Defendants Thomas D. Lemkau, Dennis N. Lemkau, and Troy R. Lemkau's First Amended Counterclaim [61].  For the reasons set forth below, Defendant's motion is DENIED in part and GRANTED in part.

**I.**    **Facts**

1

On January 4, 2011, Plaintiff T. Lemkau & Assoc., Ltd. filed a Complaint against Defendant. The Complaint alleged claims of; (1) Breach of Contract, (2) Violation of MCL § 600.2961, (3) Unjust Enrichment, and (4) Accounting. These claims were premised on an August 1, 2007 Representative Agreement between Plaintiff and Defendant, under which Plaintiff would sell Defendant's products in Ohio, Indiana, Kentucky, West Virginia, and West Pennsylvania for a commission. (Compl. ¶¶ 6, 7.) In the Complaint, Plaintiff alleges that in January 2010, Defendant terminated the agreement, but the parties agreed that Plaintiff would continue as a sales representative under the same terms of the above agreement except that the territory changed to Michigan instead of the states listed above. (Compl. ¶ 8.) This arrangement was not memorialized in writing, but in the final termination letter in December 2010, Defendant acknowledged that the 2007 Agreement had continued except for the change in territory. (Compl. ¶ 9.)

Defendant brought counterclaims against Plaintiff and also filed a third party complaint against the Third-Party Defendants. On October 13, 2011, ten days after Defendant filed a third-party Complaint against them, Third-Party Defendants filed counterclaims against Defendant, alleging the same facts and arguments as Plaintiff did in its Complaint. On November 11, 2011, Third-Party Defendants filed an Amended Counterclaim. As in the original, the Amended Counterclaim sets forth claims for; (1) Breach of Contract, (2) Violation of MCL § 600.2961, (3) Unjust Enrichment, and (4) Accounting.

In the Amended Counterclaim, however, the claims are based on a May 1, 2004 Representative Agreement ("2004 Agreement") as well as the August 1, 2007

2

Representative Agreement ("2007 Agreement"). The boilerplate language of the 2004 Agreement is substantially the same as the 2007 Agreement, but the agreement has a few key differences: (1) the territory that the 2004 Agreement covers is Michigan, (2) the commissions are for 8% for imported products and 3% for domestic products, and (3) the product line covered all Defendant's products except Sowa High Performance Taps. Third-Party Defendants allege that both the 2004 and 2007 Agreements were in effect until January 2010. At that time, instead of the 2007 Agreement continuing on in Michigan, as originally alleged, Third-Party Defendants now claim that the 2007 Agreement terminated in January 2010 and the 2004 Agreement was in effect until the representative relationship between the parties ended in December 2010.

## II.     Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by

3

mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52

(1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III.   Analysis

#### A.   Motion to Dismiss

In this case, Third-Party Defendants partially base their allegations on a 2004 Agreement between the parties. The 2004 Agreement was signed by Defendant and Tom Lemkau as President of Lemkau & Assoc. Ltd. This agreement called for Plaintiff to act as the exclusive sales representative for Defendant's products in Michigan and for which Plaintiff would receive compensation in the form of commissions.Third-Party

Defendants allege that Defendant did not pay them the commissions they were owed under the Agreement.

The Amended Counterclaim is not deficient on its face. A motion to dismiss should be granted only when the complaint fails to state a claim upon which relief should be granted. This is not the case here. While the fact that neither party has introduced the 2004 Agreement until now is surprising, there is no grounds on which to dismiss this Counterclaim.

Defendant's motion to Dismiss Third-Party Defendants' Amended Counterclaim should be DENIED.[1]

### B. Summary Judgment

Defendant argues that Third-Party Defendants have not attached any documents to support their new claim, even after the benefit of discovery.

Defendant presented two letters from December 2010 in support of its motion. On December 10, 2010, Defendant wrote to Plaintiff, stating, "As per our conversation today, please accept this as notice we have reason to believe you have breached your Sowa/Representative agreement dated August 2, 2007." (Def. Mot. Ex. 3.) On December 22, 2010, Plaintiff's lawyers replied to Defendant, stating, "[Plaintiff] accepts your thirty (30) day notice of termination sent on December 10, 2010, sighting an

---

[1] Defendant also argues that Third-Party Defendants should be barred from filing a Second Amended Complaint for laches. The party asserting laches, however, must show that it is prejudiced. *Bridgeport Music, Inc. v. Justin Combs Publ'g*, 507 F.3d 470, 493 (6th Cir. 2007). Defendant has failed to allege any prejudice, other than that it may be found liable for more money if Third-Party Defendants are allowed to amend.

6

effective termination date of December 20, 2010. The August 1, 2007 contract with the modified sales area is terminated effective December 20, 2010." (Def. Mot. Ex. 2.)

Defendant is correct that the non-moving party may not rest upon its mere allegations and must set forth specific facts showing that there is a genuine issue for trial. In this case, however, Third-Party Defendants have produced the 2004 Agreement and attempted to obtain more facts through discovery, which Defendant has refused.[2]

While the documents attached by Defendant support Defendant's argument that the parties agreed and intended that the terms of the 2007 Agreement were in effect in Michigan in 2010, at this time, discovery has not yet occurred on the 2004 Agreement. The Court finds that Defendant's motion for summary judgment is DENIED as premature.

### C.   Statute of Limitations and Relation Back

Defendant argues that all claims prior to November 11, 2005 should be dismissed because they are barred by the statute of limitations. Under Michigan law, the statute of limitations on contract claims is six years. Mich. Comp. L. § 600.5807(8). The Federal Rules of Civil Procedure state that "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

The Sixth Circuit has defined the same conduct, transaction, or occurrence "by asking whether the party asserting the statute of limitations defense had been placed on

---

[2] Defendant filed an objection to Magistrate Judge Majzoub's order to compel discovery on this very topic, which is currently pending before this Court.

notice that he could be called to answer for the allegations in the amended pleading." *Hall v. Spencer County, Kentucky*, 583 F.3d 930, 934 (6th Cir. 2009) (internal quotations and citations omitted). Additionally, the rule must be interpreted in the tenor of liberality rather than technicality. *Id.*

Third-Party Defendants, in the Amended Counterclaim, are bringing the exact same claims that Plaintiff brought in its original Complaint. In the Amended Counterclaim, however, Third-Party Defendants address the 2004 Agreement and allege that Defendant may be liable for failing to pay commissions under that Agreement as well as the 2007 Agreement.

Aside from the obvious difference in when the agreements were entered into, there are relevant differences between the 2004 and 2007 Agreements: (1) the 2004 Agreement only covers Michigan; (2) the products that were the subject of the 2004 Agreement were "all products sold by [Defendant], excluding Sowa's High Performance Taps;" and (3) the compensation to Plaintiff under the 2004 Agreement was 8% for imported products and 3% for domestic.[3] In the 2007 Agreement, the territory covered Ohio, Indiana, Kentucky, West Virginia, and West Pennsylvania, the product line covered was "all products manufactured by Sowa High Performance Taps," and the compensation to Plaintiff was 10% for imported products and 5% for domestic.

The Amended Counterclaim, then, attempts to bring in claims under a different contract, which covers a completely different state, completely different products, and compensates Plaintiff at different commission percentages. Plaintiff and Third-Party

---

[3] Paragraph 7 of the Amended Counterclaim incorrectly asserts that the 2004 Agreement calls for compensation of 5% for domestic products.

Defendants were clear in their original complaint and counterclaim that the contract at issue was the 2007 Agreement.

Defendant was not on notice that it could be called to answer for allegations pertaining to the 2004 Agreement between the parties that covered different products in a different state. The Court finds that Third-Party Defendants' Amended Counterclaim does not relate back to the original complaint and any allegations prior to November 11, 2005 are barred by the statute of limitations.

## IV. Conclusion

For the foregoing reasons, Defendant's motion is DENIED in part and GRANTED in part.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 19, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 19, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager